UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAMIRO CAMACHO, JR., | Case No.: 2:21-cv-01107-APG-VCF |
| Petitioner, | **Order Directing Petitioner to Show Cause Why This Action Should not Be Dismissed** |
| v. | |
| CHARLES DANIELS, *et al.*, | [ECF No. 1-1] |
| Respondents. | |

## I. Introduction

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Ramiro Camacho challenges the validity of his custody based upon the calculation of his sentence. I have reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I dismiss one ground for relief because it is beyond the scope of habeas corpus. Additionally, Camacho must show cause why I should not dismiss the remainder of this action because it is untimely.

## II. Background

In April 2015, Camacho was sentenced to prison on one count of child abuse, neglect, or endangerment with substantial bodily harm and one count of child abuse, neglect, or endangerment.[1]

On March 18, 2019, Camacho filed in the state district court a post-conviction habeas corpus petition.[2] He raised several claims regarding earning credits toward his sentence. The

---

[1] ECF No. 1-1 at 32-33.
[2] ECF No. 1-1 at 32.

state district court denied all of the claims.[3] Camacho appealed to the Nevada Court of Appeals, which affirmed on March 30, 2020.[4] Remittitur issued on April 24, 2020.[5] On June 2, 2021, Camacho either mailed his petition to the court or handed it to a prison official for mailing to the court.[6]

### III.  Legal Standard

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[7]

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.[8] The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.[9]

---

[3] ECF No. 1-1 at 32-35.
[4] ECF No. 1-1 at 36.
[5] ECF No. 1-1 at 39.
[6] ECF No. 1-1 at 1.
[7] 28 U.S.C. § 2244(d)(1).
[8] 28 U.S.C. § 2244(d)(2).
[9] *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Section 2244(d) is subject to equitable tolling.[10] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[11] Equitable tolling does not stop the limitations clock the way that statutory tolling does.

> First, for a litigant to demonstrate 'he has been pursuing his rights diligently,' . . . and thus satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court.[12]

"[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights."[13] "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."[14]

A petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court.[15] The court can raise the issue of timeliness on its own motion.[16]

////

---

[10] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[11] *Id*. at 649 (internal quotations omitted).

[12] *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir.) (*en banc*), *cert. denied*, 141 S. Ct. 878 (2020) (internal citation omitted).

[13] *Id*. at 599.

[14] *Id*.

[15] Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

[16] *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

## IV. Discussion

The petition asserts three grounds for relief. In ground 1, Camacho alleges that he did not receive 10 days of credit per month for work performed in jail, where he was held before sentencing, under Nev. Rev. Stat. § 209.4465(2). In ground 2, Camacho alleges that the Nevada Department of Corrections provides availability to earn work-time credits under § 209.4465(2) in a racially discriminatory way. In ground 3, Camacho alleges that he has been unable to earn credits for exceptional meritorious service under Nev. Rev. Stat. § 209.4465(5).

Ground 2 is a claim about the conditions of confinement. To the extent that Camacho has a constitutional claim about the allocation of work in the prison, he would need to raise it in a civil rights action under 42 U.S.C. § 1983.[17] I therefore dismiss ground 2 without prejudice.

The rest of the petition is untimely. It is not clear from the petition when Camacho learned, or could have learned through reasonable diligence, that he had not been awarded credits in the manner to which he feels entitled.[18] However, Camacho definitely learned those facts no later than May 3, 2019, because he has attached to his petition a credit history generated on that date.[19] The credit history shows that the start of his sentence is back-dated to May 7, 2011, reflecting the 1,439 days of credit for time served in jail before sentencing. The credit history also shows that Camacho earned no work-time credits during the time he was in jail and that he did not earn any credits for exceptional meritorious service. The date that the limitations period started to run under § 2244(d)(1)(D) thus was no later than May 3, 2019.[20]

---

[17] *See Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (*en banc*).
[18] *See* 28 U.S.C. § 2244(d)(2).
[19] ECF No. 1-1 at 26-30.
[20] In all likelihood, the date was much earlier than that because Camacho filed his state habeas corpus petition on March 18, 2019, and he could not have filed a petition complaining about the

Camacho's state post-conviction habeas petition was pending on May 3, 2019. The one-year period was tolled immediately under § 2244(d)(2). The one-year period resumed, with no time having passed, the day after the state proceedings concluded with the issuance of the remittitur on April 24, 2020. The one-year period thus expired at the end of April 26, 2021, taking into account that the expiration date otherwise would have been a Saturday. Fed. R. Civ. P. 6(a)(1)(C).

Camacho effectively filed his federal petition on June 2, 2021, more than a month after the one-year period expired. Camacho thus must show cause why I should not dismiss this action as untimely.

I THEREFORE ORDER the clerk of the court to file the petition for a writ of habeas corpus.

I FURTHER ORDER that ground 2 of the petition is **DISMISSED**.

I FURTHER ORDER that Camacho will until **October 4, 2021** to show cause why this case should not be dismissed as untimely. Failure to comply with this order will result in the dismissal of this action.

I FURTHER ORDER the clerk to add Aaron Ford, Attorney General for the State of Nevada, as counsel for the respondents.

I FURTHER ORDER that the respondents' counsel must enter a notice of appearance by September 8, 2021, but no further response will be required from the respondents until further order of the court.

---

calculation of his sentence without knowing how his sentence was being calculated. But for the purposes of this order, May 3, 2019 is sufficient for determining that the petition is untimely.

I FURTHER ORDER the clerk to provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED this 16th day of August, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE