UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAMIRO CAMACHO, JR., | Case No.: 2:21-cv-01107-APG-VCF |
| Petitioner, | **Order Granting Motion for Reconsideration in Part and Dismissing Case** |
| v. | |
| CHARLES DANIELS, *et al.*, | [ECF No. 8] |
| Respondents. | |

**I.   Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  I dismissed ground 2 of the petition because it was a claim regarding the conditions of confinement.[1]  I also directed petitioner Ramiro Camacho to show cause why I should not dismiss this action as untimely under 28 U.S.C. § 2244(d)(1).[2]  Camacho has filed a petition to show good cause and reconsideration, which has been docketed as a motion for reconsideration.[3]  Camacho has not persuaded me to reverse my decision regarding ground 2.  I find that Camacho has not shown that equitable tolling is warranted.  I thus deny the motion and dismiss the action.

**II.   Equitable Tolling is Warranted**

I stated in my prior order that the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(D) started no later than May 3, 2019, because that was the date of the credit history that Camacho attached to the petition.[4]  I noted that the actual start date must have been much

---

[1] ECF No. 5 at 4.
[2] *Id.* at 4-5.
[3] ECF No. 8.
[4] ECF No. 5 at 4.

earlier than that because Camacho had filed a state habeas corpus petition, raising the same grounds that he raises in his current petition, on March 18, 2019.[5]

Camacho's motion for reconsideration contains an exhibit that causes me to change my calculations, but the petition still is untimely. He attached an inmate request form, dated March 10, 2019, in which he complained about not earning meritorious credits.[6] Camacho thus knew of the factual predicate of his claims no later than March 10, 2019.[7] Camacho filed his state habeas corpus petition on March 18, 2019, eight days later.[8] The one-year period then was tolled until the state habeas corpus proceedings concluded on April 24, 2020.[9] Now taking into account the eight non-tolled days that passed before Camacho filed his state habeas corpus petition, the federal one-year period expired on April 16, 2021, and not on April 26, 2021, as I previously had stated. My conclusion that the petition is untimely does not change because Camacho dispatched his petition to this court on June 2, 2021, after the one-year period had expired.[10]

Section 2244(d) is subject to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[11]

Camacho's arguments do not persuade me. First, he argues that the Nevada Department of Corrections declared a state of emergency on March 12, 2020, due to the COVID-19

---

[5] *Id.* at 4 n.20.
[6] ECF No. 8 at 24.
[7] *See* 28 U.S.C. § 2244(d)(1)(D).
[8] ECF No. 1-1 at 32.
[9] ECF No. 5 at 5.
[10] ECF No. 6 at 1.
[11] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

pandemic.[12] He adds that he was unable to access the law library, to make copies of documents, to send legal mail through the law library, or to do legal research.[13] Either those restrictions were eased before the one-year period expired in his case, or they did not truly prevent him from timely filing his petition. According to the court's electronic docketing system, the court received 175 petitions for a writ of habeas corpus under 28 U.S.C. § 2254 between March 12, 2020, and April 16, 2021. If those people were able to file habeas corpus petitions during that time, then the COVID-19 restrictions could not have prevented Camacho from filing his petition during that time.

Second, Camacho argues that he became sick with COVID-19 in December 2020 and almost died from the disease.[14] He attached to his motion a report of a positive COVID-19 test result, with the specimen collected on December 15, 2020.[15] He did not attach any information demonstrating how seriously ill he was. Even if he was severely ill, he had recovered enough by January 17, 2021 to complete and file an inmate request form asking about a re-entry program.[16] On that date, Camacho still had three months remaining in the limitation period. He does not explain why he was unable to file a petition in the time he had remaining. Consequently, equitable tolling is not warranted, and I will dismiss this action because it is untimely.

Reasonable jurists would not find my conclusion to be debatable or wrong, so I will not issue a certificate of appealability.

/ / / /

---

[12] ECF No. 8 at 3.
[13] *Id.*
[14] ECF No. 8 at 2.
[15] ECF No. 8 at 16.
[16] ECF No. 8 at 27.

### III. Ground 2 Is Not Addressable in Federal Habeas Corpus

I dismissed ground 2 because it was a claim about the conditions of confinement that is outside the core of habeas corpus.[17] Camacho states that he does not understand why I will not address the issue.[18] I have explained why: this is a claim that needs to be raised in a civil rights action under 42 U.S.C. § 1983.[19] Camacho asks in the alternative to construe this action as a civil rights action under § 1983.[20] I will not do that. The filing fees for a habeas corpus petition and for a civil rights action are very different.[21] As a prisoner, Camacho is obligated to pay the filing fee for a civil rights action in monthly installments.[22] If Camacho wishes to pursue this claim, then he should allege it on the court's civil rights complaint form, and he should complete an application to proceed in forma pauperis in which he acknowledges that he is obligated to pay the filing fee. But that should be done in a separate action, not this one.

### IV. Conclusion

I THEREFORE ORDER that the petitioner's motion for reconsideration **(ECF No. 8) is GRANTED in part**, as set forth above.

I FURTHER ORDER that this action is **DISMISSED** with prejudice because it is untimely. The clerk of the court is directed to enter judgment accordingly and to close this action.

////

---

[17] ECF No. 5 at 4 (citing *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc).
[18] ECF No. 8 at 3.
[19] ECF No. 5 at 4.
[20] ECF No. 8 at 4.
[21] 28 U.S.C. § 1914(a).
[22] 28 U.S.C. § 1915.

I FURTHER ORDER that a certificate of appealability will not issue.

DATED this 1st day of April, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE